IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:   C. R. BARD, INC.
PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION
MDL 2187

―――――――――――――――――――――――

THIS DOCUMENT RELATES TO:

*Romero, et al. v. C. R. Bard, Inc.*                Civil Action No. 2:14-cv-05623

**MEMORANDUM OPINION AND ORDER**
**(Motion for Suggestion of Remand)**

Pending before the court is the plaintiffs' Motion for Suggestion of Remand [Docket 10] and the defendant's Cross-Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) ("Cross-Motion to Dismiss") [Docket 11]. These motions are ripe for review. For the reasons discussed below, the plaintiffs' Motion for Suggestion of Remand [Docket 10] is **DENIED**, and the defendant's Cross-Motion to Dismiss [Docket 11] is **GRANTED**.

**I.    Background**

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation ("MDL") concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 70,000 cases currently pending, approximately 10,000 of which are in the Bard MDL, MDL 2187. In this particular case, the plaintiff, Mayra Romero, a New Jersey resident, was surgically implanted with the Avaulta Solo Anterior Synthetic Support System ("Avaulta Solo"), a mesh product manufactured by Bard to treat POP. (*See* Short Form Compl. [Docket 1], at 3). The plaintiff received her surgery in New Jersey. (*Id.* at 5). The plaintiff claims that as a result of

implantation of the Avaulta Solo, she has experienced multiple complications, which may include erosion, mesh contraction, infection, fistula, inflammation, scar tissue, organ perforation, dyspareunia (pain during sexual intercourse), blood loss, neuropathic and other acute and chronic nerve damage and pain, pudendal nerve damage, pelvic floor damage, and chronic pelvic pain. (Master Compl., MDL 2187 ¶ 53). The plaintiff alleges negligence, strict liability for design defect, strict liability for manufacturing defect, strict liability for failure to warn, breach of express warranty, breach of implied warranty, and punitive damages. (Short Form Compl. [Docket 1], at 5). Additionally, the plaintiff's husband, Freddy Romero, alleges loss of consortium. (*Id.*).

The plaintiffs filed their case directly into the MDL pursuant to PTO # 51, claiming diversity of citizenship as the sole basis for federal subject matter jurisdiction. Additionally, the plaintiffs' short form complaint lists the Northern District of Georgia, Atlanta Division, as the jurisdiction where the action would have been filed in the absence of the MDL direct filing order. (Short Form Compl. [Docket 1], at 1). Presently, the plaintiffs seek remand to the Northern District of Georgia. In response, Bard argues that the court should deny the plaintiffs' request for remand and dismiss the case for lack of federal subject matter jurisdiction.

## II. Analysis

Federal jurisdiction here is premised on 28 U.S.C. 1332(a), which states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The parties appear to agree that the plaintiffs, Mr. and Mrs. Romero, and the defendant, Bard, are all citizens of New Jersey. (*See* Pls.' Mot. for Suggestion of Remand [Docket 10], at 3; *see also* Def.'s Opp. to Pls.' Mot. for Suggestion of Remand and Cross-Mot. to

Dismiss [Docket 11], at 2). Therefore, complete diversity is lacking. Despite this clear jurisdictional failure, the plaintiffs seek remand to the Northern District of Georgia in order to take advantage of Georgia's "renewal" statute. *See* Ga. Code Ann. § 9-2-61 (West 2015) (providing a statutory right to refile a case within six months after the case was either "discontinued or dismissed without prejudice for lack of subject matter jurisdiction"). However, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). Furthermore, through its Cross-Motion to Dismiss [Docket 11], Bard challenges the existence of subject matter jurisdiction, and the plaintiffs have failed to meet their burden of proving otherwise. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) ("The plaintiff has the burden of proving that subject matter jurisdiction exists.").

### III. Conclusion

For the reasons discussed above, the plaintiffs' Motion for Suggestion of Remand [Docket 10] is **DENIED**, and the defendant's Cross-Motion to Dismiss [Docket 11] is **GRANTED**. Accordingly, the court **ORDERS** that this action be **DISMISSED without prejudice** for lack of subject matter jurisdiction and stricken from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 19, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE